**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

GEORGE GELAKIS,

     Plaintiff,

v.

NEXT & CO LLC, a Foreign Limited Liability Company
and RENATO LERNER, an individual,

     Defendants.

_____/

## COMPLAINT

Plaintiff, GEORGE GELAKIS (hereinafter, "GELAKIS" or Plaintiff), by and through his undersigned attorney, hereby files this Complaint against Defendants, NEXT & CO LLC and RENATO LERNER ("Next & Co," "LERNER," and collectively "Defendants") and says:

## JURISDICTION AND VENUE

1.     This action is brought against Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), 26 U.S. Code §7434, Florida Minimum Wage Act ("FMWA"), §448.110, Fla. Stat. and Florida Common Law.

2.     This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.     Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4.     All conditions precedent to this action have been performed or waived.

5.      Plaintiff hereby attaches a copy of the Demand Letter to Defendants for his unpaid wages, to be sent simultaneously as this Complaint is filed, pursuant to Fla. Stat. §448.110(b)(6). The Demand Letter is attached hereto as Exhibit 1.

## PARTIES

6.      Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants in sales. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

7.      Defendant Next & Co is a Foreign Limited Liability Company registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant Next & Co has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. Defendant Next & Co imported Açai pulp and puree for distribution and re-sale into the U.S. market.

8.      Defendant LERNER owned and operated Next & Co at all times material hereto and, upon information and belief, is a resident of Broward County, Florida. The Florida Department of State Division of Corporations lists LERNER as "MGR" of Next & Co.

9.      Defendant LERNER had operational control of significant aspects of Next & Co's day to day functions, including employment practices and compensation of employees, and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed.

10.     Defendant LERNER also had the power to hire and fire employees of Next & Co, set their wages, retain time and/or wage records, and otherwise control the terms of the

employment. Defendant LERNER also had the power to stop any illegal pay practices that harmed Plaintiff.

11.     Defendant LERNER acted and acts directly in the interests of Next & Co in relation to its employees and, thus, Defendant LERNER was and is an employer within the meaning of Section 3(d) of the FLSA.

12.     At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13.     At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 206.

14.     Defendant Next & Co, upon knowledge and belief, has gross revenue which exceeds $500,000 for one or more of the past three years and utilizes goods in the flow of commerce across state lines.

15.     Plaintiff should have been classified as an employee rather than an independent contractor throughout his employment because the manner in which he was to perform his work was dictated by LERNER. However, on the day before Plaintiff was terminated, Plaintiff was required to fill out a W-9 form. Plaintiff received a Form 1099 for the calendar year of 2019.

## GENERAL ALLEGATIONS

16.     At the end of May 2019, Plaintiff responded to Defendant Next & Co's job advertisement on LinkedIn.

17.     Plaintiff had a phone interview and an in-person interview with Defendant LERNER and S. Evelin Ovallez, the CFO of Defendant Next & Co.

18.     During the initial communication between Plaintiff and LERNER, LERNER expressed to Plaintiff that Next & Co wanted to become the biggest distributer of Acai in the U.S., and due to Plaintiff's experience in New Product Development/Communications and Sales, Next & Co wanted Plaintiff to lead the efforts to re-brand and re-design Next & Co's brand line.

19.     LERNER also promised Plaintiff that Next & Co would provide Plaintiff with a company car, an employment contract, and benefits.

20.     LERNER sent Plaintiff an employment offer through email on May 31, 2019, which Plaintiff accepted on June 2, 2019, wherein Plaintiff's start date would be August 1, 2019, he would be compensated an annual salary of $90,000.00 plus 2.5% commission on sales, he would receive medical insurance allowance in the amount of $2,000.00 every 12 months, 15 paid vacation days, 5 days of paid time off, car allowance based on mileage and a cellphone for work.

21.     On June 13, 2019, Plaintiff filled out and submitted to Defendants a Form W-4 as required to start his employment with Defendants.

22.     Plaintiff's start date was set on August 1, 2019, but Defendants started to delegate assignments to Plaintiff on or about June 10, 2019, resulting in Plaintiff working approximately forty (40) hours in total prior to his start date.

23.     Specifically, Defendants requested Plaintiff to provide suggestions and recommendations on supplier sources of raw material and packaging, to re-brand the product line and design packaging, for which Plaintiff had to reach out to manufacturers, suppliers, distributers, and colleagues for information and quotations.

24.     Despite Plaintiff's hard work and diligence to accommodate Defendants' different needs and work requirements, Plaintiff received no compensation for his service prior to August 1, 2019, and did not receive his first payment until August 27, 2019, after multiple inquiries as to his compensation.

25.     Plaintiff was to be compensated twice a month, with each direct deposit in the amount of $3,750.00 before tax.

26.     During Plaintiff's employment with Defendants, Plaintiff received five direct deposits for his base salary, with the first two at $3,750.00, the third at $2,016.89, the fourth at $3,050.00, and the fifth at $6,183.11[1]. Plaintiff received no commissions.

27.     Plaintiff never received any pay stubs to explain each deduction made to the direct deposits.

28.     On or about October 14, 2019, Defendants required Plaintiff to sign and submit a Form W-9, because they were having issues with their payroll company, and advised Plaintiff that he no longer needed to claim allowances on his paycheck due to a new tax law.

29.     On the next day, October 15, 2019, LERNER called Plaintiff via Skype, advising that Next & Co would no longer compensate him, and that he would receive his last paycheck on October 16, 2019.

30.     Plaintiff received a Form 1099 for the calendar year of 2019, attached hereto as Exhibit 2, which indicates no tax withholdings.

31.     Contrary to Defendants' promise, Defendant never provided Plaintiff with medical insurance allowance, car allowance, an employment contract, and did not pay off Plaintiff's accrued PTO and paid vacation at the time of his termination.

---

[1] Plaintiff requested one month's salary as severance payment.

32.     At all times material hereto, Defendants controlled when Plaintiff worked, cash flow, payments, customer distribution and virtually every other aspect of the business. Plaintiff was therefore an employee and not an independent contractor.

33.     Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

34.     Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I: VIOLATION OF FLSA/MINIMUM WAGE
## (AGAINST BOTH DEFENDANTS)

35.     Plaintiff re-alleges and re-avers paragraphs 1 – 34 as fully set forth herein.

36.     Plaintiff was an employee as defined by the FLSA because Defendants controlled when Plaintiff worked, the customer distribution, the way Plaintiff performed his services, and virtually every other aspect of the business.

37.     From on or about June 10, 2019 to July 31, 2019, Plaintiff worked approximately 40 hours in total for Defendants' benefits but received no compensation.

38.     Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

39.     As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, Plaintiff requests judgment for:

a. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 260;

d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e. Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FMWA
## (AGAINST BOTH DEFENDANTS)

40. Plaintiff re-alleges and re-avers paragraphs 1 – 34 as fully set forth herein.

41. Plaintiff sent a demand letter to Defendants for his unpaid wages contemporaneously as of the filing of this Complaint, pursuant to Fla. Stat. §448.08(6)(a).

42. Plaintiff performed services for Defendants' benefits from on or about June 10, 2019 to July 31, 2019 but received no compensation.

43. Defendants knew that Plaintiff performed services for their benefits prior to his official start date but refused to compensate Plaintiff at all.

44. Defendants willfully violated the FMWA by failing to compensate Plaintiff at a rate equal to the Florida minimum wage for work performed while Defendants employed Plaintiff, Plaintiff therefore is entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff GEORGE GELAKIS requests judgment as follows:

a. Unpaid minimum wages to be determined by the Court;

b. Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

7

c. Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.110(6)(c)(1); and

d. Such other relief as the Court deems just and proper.

## COUNT III – UNPAID WAGES
## (AGAINST BOTH DEFENDANTS)

45. Plaintiff re-alleges and re-avers paragraphs 1 – 34 as fully set forth herein.

46. Plaintiff sent a demand letter to Defendants for his unpaid wages contemporaneously as of the filing of this Complaint.

47. Plaintiff performed services for Defendants' benefits from on or about June 10, 2019 to July 31, 2019 but received no compensation.

48. Plaintiff did not receive medical insurance allowance, car allowance and accrued PTO and paid vacation.

49. Defendants inappropriately took deductions from Plaintiff's compensation, which was not attributed to tax withholdings.

50. Defendants knew that Plaintiff performed services for their benefits prior to his official start date but refused to compensate Plaintiff at all.

51. As a result of Defendants' failure to compensate Plaintiff properly, Plaintiff has suffered monetary damages.

**WHEREFORE**, Plaintiff GEORGE GELAKIS requests judgment as follows:

e. Unpaid wages to be determined by the Court;

f. Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.08; and

g. Such other relief as the Court deems just and proper.

## COUNT IV – VIOLATION OF 26 U.S.C. § 7434(a)
## (AGAINST BOTH DEFENDANTS)

52.     Plaintiff re-alleges and re-avers paragraphs 1 – 34 as fully set forth herein.

53.     Plaintiff filled out and submitted a Form W-4 to Defendants on June 13, 2019 to initiate his employment.

54.     On October 15, 2019, upon Defendants' request, Plaintiff filled out and submitted a Form W-9.

55.     Deductions were taken out of Plaintiff's compensation, but Plaintiff received a Form 1099 for the calendar year of 2019, which indicates that no tax was withheld.

56.     A Form 1099 is considered an information return as defined under the law.

57.     However, Plaintiff was not an independent contractor in that, *inter alia*:

    a.  He submitted a Form W-4 to initiate his employment with Defendants;

    b.  Deductions were taken out of Plaintiff's compensation;

    c.  Plaintiff was not able to work for any other companies which were not affiliated with Defendants;

    d.  He was paid directly rather than through a corporation; and

    e.  The manner in which he was to perform his job was completely dictated by LERNER.

58.     Defendants should have issued Plaintiff a Form W-2 and should have applied the deductions as tax withholdings as required by the Internal Revenue Service.

59.     At all relevant times, Defendants knew that Plaintiff was not properly classified as an independent contractor because they dictated to Plaintiff the manner in which he was to perform his job and, in an effort to avoid paying taxes, willfully issued Plaintiff a Form 1099, after deductions have been made.

60. This claim is filed within (1) year the filing of the Form 1099 and therefore, Plaintiff is owed all damages in accordance with 26 U.S.C. § 7434(c).

61. Defendants are liable to Plaintiff for an amount equal to the greater of $5,000 or the sum of his actual damages, the costs of filing this action, and reasonable attorney's fees under 26 U.S.C. § 7434(b).

WHEREFORE, Plaintiff GEORGE GELAKIS requests judgement as follows:

a. The Court grant Plaintiff judgment against Defendants and award Plaintiff the greater of $5,000 or the sum of actual damages, costs, and attorney's fees; and

b. Such other relief as this Court deems necessary under the law.

## COUNT V – FRAUD IN THE INDUCEMENT
### (AGAINST DEFENDANT LERNER)

62. Plaintiff re-alleges and re-avers paragraphs 1 – 34 as fully set forth herein.

63. Before Plaintiff accepted Defendants' offer, Defendant LERNER misrepresented to Plaintiff his future role in Defendants' business and the benefits Plaintiff would receive by accepting this offer.

64. LERNER's representation was material in accepting this offer. Plaintiff would not have changed his career and accepted Defendants' offer if he had known LERNER's representation was false.

65. LERNER knew or should have known that her representation was false, because Defendants had no intention to fulfill their promises to Plaintiff.

66. LERNER intended her representation to induce Plaintiff to accept the offer and work for her and Next & Co.

67. Plaintiff reasonably relied on LERNER's representation regarding his future employment with Defendants, and suffered damages as a result, including but not limited to,

unpaid wages during his employment, loss of employment, and expenses incurred until he secures new employment.

WHEREFORE, Plaintiff requests judgment as follows:

   a. Compensatory damages according to proof at trial;

   b. Consequential damages;

   c. Attorneys' fees and costs associated with this action; and

   d. Such and other relief as the Court deems just and proper

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, GEORGE GELAKIS, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: March 18, 2020.

> LAW OFFICES OF CHARLES EISS, P.L.
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 112
> Plantation, Florida 33324
> (954) 914-7890 (Office)
> (855) 423-5298 (Facsimile)
>
> By:    /s/ Charles M. Eiss
>        CHARLES M. EISS, Esq.
>        Fla. Bar #612073
>        chuck@icelawfirm.com
>        TIEXIN YANG, Esq.
>        Fla. Bar #1010651
>        tiexin@icelawfirm.com