UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-CV-6058-RUIZ/STRAUSS

GEORGE GELAKIS

     Plaintiff,
v.

NEXT AND CO LLC and
RENATO LERNER
     Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants, NEXT AND CO LLC and RENATO LERNER, by and through their undersigned counsel, hereby files its Response to Plaintiff's Statement of Claim [DE #8], filed April 6, 2020, as follows:

1. Plaintiff's Statement of Claim is based on unsupported exaggerated estimation of hours Plaintiff allegedly worked for the Defendant.

2. There is no basis for FLSA jurisdiction, as there is no individual or enterprise coverage.

3. The unpaid wages claim, under the Florida Minimum Wage Act, must fail as no notice was provided, and Defendant would have gladly paid the *de minimus* amount to avoid litigation.

4. Plaintiff is an exempt employee pursuant to 29 U.S.C § 213.

5. Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendant's actions were in good faith, and Defendant had reasonable grounds for believing that it was in compliance with the FLSA.

6. Plaintiff's own unclean hands in not sending notice, should bar Plaintiff from receiving any type of liquidated damage award, or escalated damage award, on the Florida Minimum Wage Count, and Unpaid Wage Count.

7. The failure to send notice, knowingly, under the Florida Minimum Wage Act, should bar the recovery of any attorneys' fees for litigation related to the Florida Minimum Wage Act.

8. Some, or all, of Plaintiff's damages are barred by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of, if any actually occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

9. In addition to there being no jurisdiction for the FLSA claim, Plaintiff should be banned from bringing it, as he chose to bring a Florida Minimum Wage Claim over the exact same amount, hence, had notice been sent properly, there would be no funds in debate for the Florida Minimum Wage Act.

10. Plaintiff's claims are barred or otherwise limited as said claims are *de minimus* in nature.

11. Specifically, the count for unpaid wages might have some trivial merit, but would have been gladly paid, had the Plaintiff provided proper notice, and without that notice having taken place, before the lawsuit, Defendants already had to pay for a motion to dismiss, and subsequent litigation, the avoidance of such costs is the reason for the safe harbor provision of the notice requirement of the Florida Minimum Wage Act.

12. The tax claim has no relevance because Defendants have not filed taxes yet, hence, committing the complained of offense.

Respectfully submitted, this 15th day of May, 2020.

 LUBELL & ROSEN, LLC
*Attorneys for Defendant*
200 S. Andrews Ave, Suite 900
Fort Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail: Jhs@lubellrosen.com

By: *s/Joshua H. Sheskin*
Joshua H. Sheskin, Esquire
Florida Bar No. 93028